# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RITAMAY V. BURRIS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:04CV00053 ERW |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler pursuant to 28 U.S.C. § 636(b). The Commissioner filed an objection to the Report and Recommendation on May 31, 2005. The Commissioner objects to the Magistrate's allocation of the burden of proof in the Report and Recommendation, but does not object to the recommendation that the Commissioner's decision, that Plaintiff is not disabled, is supported by substantial evidence.

The Social Security Act establishes a statutory sequential evaluation process for determining whether a claimant is entitled to disability benefits. See 20 C.F.R. §§ 416.920, 404.1529. The Commissioner argues that the Report and Recommendation ("R&R") improperly includes the determination of the residual functional capacity ("RFC") in step five of the evaluation process, and the analysis in the R&R places the burden of proving the claimant's RFC on the Commissioner. The Commissioner claims that instead, it is the responsibility of the claimant to prove his RFC, and that the determination of the claimant's RFC is included in the analysis of step 4 of the evaluation process,

1

not step 5. The following authority supports the Commissioner's conclusion.

In Stormo v. Barnhart, the Eighth Circuit held that "[t]he burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." 377 F.3d 801, 806 (8th Cir. 2004). This makes sense because the claimant "is in a better position to provide information about his own medical condition." Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Only if the claimant is able to support his burden in steps 1 through 4 does the burden of production shift to the Commission in step 5 where she must submit evidence of other work claimant can perform. Charles v. Barnhart, 375 F.3d 777, 782 n. 5 (8th Cir. 2004).

Therefore, after consideration of the issues, the Court hereby sustains, adopts and incorporates herein the Magistrate's Report and Recommendation with the following exceptions:

1. Pages 17-20 of the Report and Recommendation shall be replaced with:

appearance and demeanor at the hearing. See id.; Cruse, 867 F.2d at 1186.
    The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. See Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004); Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992); Ricketts v. Sec'y of Health and Human Servs., 902 F.2d 661, 664 (8th Cir. 1990); Jeffery v. Sec'y of Health and Human Servs., 849 F.2d 1129, 1132 (8th Cir. 1988). It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. See Robinson, 956 F.2d at 841; Butler v. Sec'y of Health and Human Servs., 850 F.2d 425, 426 (8th Cir. 1988). The ALJ, however, "need not explicitly discuss each Polaski factor." Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. See id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. See Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988); Millbrook v. Heckler, 780 F.2d 1371, 1374 (8th Cir. 1985).
    In contrast to the first four steps of the sequential evaluation, in which the claimant carries the burden of proof, the Commissioner has the burden of production in step 5. See Charles v. Barnhart, 375 F.3d 777, 782 n. 5 (8th Cir. 2004). Where the ALJ holds that the plaintiff cannot return to his past relevant work, the burden of production shifts to the Commissioner to show other work that the plaintiff could realistically perform in the national economy. See Nevland, 204 F.3d at 857

(citing McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc). To satisfy the Commissioner's burden, the testimony of a vocational expert may be used. An ALJ posing a hypothetical to a vocational expert is not required to include all of a plaintiff's limitations, but only those which he finds credible. See Rautio, 862 F.2d at 180; Roberts v. Heckler, 783 F.2d 110, 112 (8th Cir. 1985). Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. See Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990); Hutsell v. Sullivan, 892 F.2d 747, 750 (8th Cir. 1989).

# VI.
## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. See Onstead, 962 F.2d at 804. Substantial evidence is that which a reasonable mind might accept as adequate to support the Commissioner's conclusion. See Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996). The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commissioner's findings from being supported by substantial evidence. See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1991). Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm her decision as long as there is substantial evidence in favor of the Commissioner's position. See Jones, 86 F.3d at 826.

Plaintiff argues that the ALJ committed reversible error by finding that Plaintiff was not disabled based on the Medical-Vocational Guidelines ("Guidelines"); because Plaintiff has a non-exertional mental impairment, Plaintiff contends that the ALJ should not have relied on the Guidelines. Plaintiff also contends that the ALJ erred in determining her residual functional capacity ("RFC") because he disregarded the opinion of three doctors upon determining her RFC. Plaintiff further contends that the ALJ committed reversible error in failing to discuss the testimony of Plaintiff's social worker, Ms. Hunt.

**A.     Plaintiff's RFC**

Plaintiff argues that the ALJ erred in determining her RFC because he failed to rely on the Assessment of Plaintiff conducted by Dr. Colen on June 9, 2003, because he failed to rely on the June 17, 2003 report of Dr. Favazza, and because he failed to rely on the January 12, 2004 Assessment of Plaintiff conducted by Dr. Houghton. Plaintiff further argues that the ALJ should have given controlling weight to the opinions of these health professionals. She also argues that Dr. Favazza and Dr. Houghton were her treating physicians and that, as such, their opinions should have been controlling. Doc 14 at 14-15. It is not clear from Plaintiff's brief if she means to suggest also that Dr. Colen was a treating doctor.

The Regulations define RFC as "what [the claimant] can still do" despite his or her "physical or mental limitations," 20 C.F.R. § 404.1545(a) and includes an assessment of physical abilities and mental impairments. See 20 C.F.R. § 404.1545(b-e). The claimant has the burden of persuasion to demonstrate his or her RFC. See Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004). "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." Lauer v. Apfel, 245 F.3d 700, 703 (8th Cir. 2001). To determine a claimant's RFC, the ALJ must first ascertain the true extent of the claimant's impairments. Then, she must determine the kind of work the claimant can still do despite his or her impairments. A "claimant's residual functional

capacity is a medical question." Lauer, 245 F.3d at 704 (quoting Singh v. Apfel, 222 F.3d at 451 (8th Cir. 2000). The Eighth Circuit clarified in Lauer, 245 F.3d at 704, that "[s]ome medical evidence,' Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace,' Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000)." Thus, an ALJ is "required to consider at least some supporting evidence from a professional." Id.

RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). Additionally, "RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individuals abilities on that basis." Id. Moreover, "[i]t is incorrect to find that an individual has limitations or restrictions beyond those caused by his or her medical impairment(s) including any related symptoms, such as pain." Id.

At step 4, "the RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it." Id. at *3. At step 5, where a claimant's RFC is expressed in terms of exertional categories, it must also be determined

2. On page twenty-four (24) of the Report and Recommendation, change "Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1985)" to "Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir. 1995)."

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner denying Plaintiff Ritamay v. Burris' application for Supplemental Security Income benefits under Title XVI of the Social Security Act is **AFFIRMED**.

Dated this 28th day of June, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE